IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN BROADCASTING COMPANIES, INC.**<br>77 West 66th Street, 15th Floor<br>New York, NY 10023<br><br>and<br><br>**BENJAMIN GITTLESON**<br>c/o American Broadcasting Companies, Inc.<br>1717 Desales Street NW<br>Washington, DC 20036<br><br>   Plaintiffs,<br><br> v.<br><br>**UNITED STATES DEPARTMENT OF THE TREASURY**<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>   Defendant. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs American Broadcasting Companies, Inc., ("ABC") and Benjamin Gittleson ("Gittleson") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief by Plaintiffs against the United States Department of the Treasury ("Treasury" or "Defendant"). Defendant has unlawfully withheld agency records, requested by Plaintiffs pursuant to FOIA, regarding the decision to print President Donald Trump's name on checks sent to the American public as part

1

of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  Defendant's refusal to release such records, which Plaintiffs seek in order to inform the public about the decision to add the President's name to the checks, is a clear violation of Defendant's obligations under FOIA.  Defendant has also unlawfully failed to categorize Plaintiffs as representatives of the news media, in violation of the Act.

## PARTIES

2.	Plaintiff American Broadcasting Companies, Inc., is a broad-based communications company.  Doing business as ABC News, it regularly gathers and reports news to the public.  ABC News produces the television programs *World News Tonight with David Muir*, *Good Morning America*, *Nightline*, *20/20*, and *This Week*, among others.  ABC is an indirect, wholly-owned subsidiary of The Walt Disney Company, a publicly traded corporation.  ABC is headquartered at 77 W. 66th Street, New York, NY 10023.

3.	Plaintiff Benjamin Gittleson is a producer-reporter for ABC News in Washington, D.C.  Mr. Gittleson resides in Washington, DC.

4.	Defendant United States Department of the Treasury is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of the records that Plaintiffs seek.  Treasury is headquartered at 1500 Pennsylvania Avenue NW, Washington, DC 20220.

## JURISDICTION AND VENUE

5.	This Court has subject matter jurisdiction over this matter and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.	Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**FACTUAL ALLEGATIONS**

**Background**

7. In response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), H.R. 748, which was signed by the President into law on or about March 27, 2020. *See* Pub. L. 116-136.

8. A provision of the CARES Act amended the Internal Revenue Code to provide tax credits for certain individuals. Accordingly, pursuant to the CARES Act, beginning in or around April, 2020, the Internal Revenue Service ("IRS") distributed checks to approximately 35 million Americans.

9. In or around April, 2020, before those checks were distributed, a decision was made within the federal government to print President Donald Trump's name in the memo line of each check.

10. According to Treasury Secretary Steve Mnuchin, it was his idea to do so. In an interview, he stated: "We did put the president's name on the check . . . That was my idea." Will Steakin, *Americans receiving letters signed by Trump explaining stimulus checks, touting coronavirus response*, ABC News (Apr. 27, 2020), https://abcn.ws/2yTlfyv.

11. The decision to add the President's name to the checks came "following private discussions between the president and [Secretary] Mnuchin, an administration official told ABC News." Jack Arnholz, *In apparently unprecedented move, Treasury includes Trump's name on coronavirus stimulus checks*, ABC News (Apr. 15, 2020), https://abcn.ws/3cfqSFI.

12. According to experts, it is "the first time a president's name will appear on a payment from the IRS[.]" *Id.*

13.     On or about April 15, 2020, a Treasury spokeswoman disputed reports that adding the President's name would slow the pace of the disbursements, telling ABC News that the "Economic Impact Payment checks are scheduled to go out on time and exactly as planned—there is absolutely no delay whatsoever." *Id.*

### Plaintiffs' FOIA Request

14.     On or about April 16, 2020, Plaintiffs submitted a FOIA request to Treasury (the "Request") via its online FOIA request form.

15.     The Request sought "access to and copies of all e-mail communication, meeting notes, and other relevant records concerning the decision to print President Donald Trump's name on Economic Impact Payment checks disseminated to Americans as part of stimulus, or relief, related from the impact of the COVID-19 pandemic."

16.     The Request further stated that it was seeking "access to and copies of all records regarding that decision, including but not limited to communications between Treasury Department officials, Internal Revenue Service officials, and White House officials."

17.     The Request sought a fee waiver, and set forth facts and arguments in support thereof, stating, *inter alia*: "ABC News is a widely respected news organization that has been committed to bringing the American public fair and accurate reporting concerning matters of public interest.  As a representative of ABC News, I am gathering this information because it will contribute significantly to public understanding of government operations."

18.     The Request sought expedited processing, and set forth facts and arguments in support thereof.

19.     Specifically, the Request stated as follows with respect to expedited processing:

> I, Benjamin Gittleson, am a full time reporter for ABC News and made this request "as a person primarily engaged in disseminating information."
>
> This request concerns a matter of "urgency to inform the public concerning actual or alleged Federal Government" activity." This request was prompted by an interest in understanding the decision to print President Donald Trump's name on Economic Impact Payment checks disseminated to Americans as part of stimulus, or relief, related from the impact of the COVID-19 pandemic, including whether it resulted in a delay to the dissemination of those checks and an adverse impact on Americans' livelihoods and health.
>
> As a nation, we are facing an unprecedented time in which millions of Americans are struggling with unemployment, as well as being able to cover the costs of rent, healthcare, food, and other bills. This request and the need to understand the position of the Federal Government regarding decisions it has made to meet its obligations for disseminating the Economic Impact Payment checks unquestionably satisfies the requirement that the request "concerns a matter of current exigency to the American public." The decision-making process behind placing the president's name on the checks, and whether it led to a delay in disseminating them, was widely reported the week of April 13, 2020, demonstrating the enormous public interest on this topic.
>
> A delay in receiving the information that is the subject of this request will compromise the American public's ability to stay informed about and understand the dissemination of these important payments.
>
> As this request concerns changes to a government payment program, it unquestionably concerns federal government activity and satisfies the final requirement of this statutory provision.

20. The Request asked for the information to be provided electronically, via email.

21. On or about April 28, 2020, Treasury transmitted a letter to Mr. Gittleson acknowledging receipt of the Request and denying expedited processing. A true and correct copy of that letter is attached hereto as Exhibit 1 (the "Acknowledgement Letter").

22. The Acknowledgement Letter assigned the Request tracking number 2020-04-251.

23. The Acknowledgement Letter stated that it had "initiated a search within

Departmental Offices (DO), for records that would be responsive to your request." Ex. 1.

24. The Acknowledgement Letter further stated that the FOIA officer was "Invit[ing] Mr. Gittleson] to consider contacting our office to discuss limiting the scope of your request which could significantly reduce the processing time of your request." Ex. 1.

25. The Acknowledgement Letter denied expedited processing for the Request, stating: "You have not demonstrated . . . the urgency to inform the public about an actual or alleged Federal Government activity." Ex. 1.

26. The Acknowledgement Letter did not make any determination as to Plaintiffs' status as a representative of the news media for fee categorization purposes.

27. The Acknowledgement Letter did not make any determination as to Plaintiffs' request for a fee waiver.

28. On or about May 7, 2020, Mr. Gittleson spoke with a Treasury FOIA officer. The Treasury FOIA officer told Mr. Gittleson that there was no further way to narrow the scope of the Request, since the language used was already as narrow as it could get.

29. The Treasury FOIA officer also told Mr. Gittleson that Treasury had not approved expedited processing for any coronavirus-related request.

30. As of the filing of this Complaint, it has been approximately 40 days, excluding weekends and federal holidays, since the Request was submitted.

31. Plaintiffs have received no further communication from Treasury regarding the Request.

32. Plaintiffs have not received any records or portions thereof from Treasury in response to the Request.

33. Treasury has not cited any basis for refusing to release records responsive to

Plaintiffs' Request.

## CAUSES OF ACTION

### Count I: Violation of FOIA for Failure to Grant News Media Status

34. Plaintiffs repeat and re-allege paragraphs 1–33.

35. Defendant is an agency subject to FOIA.

36. By the Request, Plaintiffs properly asked for records within the possession, custody and/or control of Defendant.

37. The Request complied with all applicable regulations regarding the submission of FOIA requests.

38. In the Request, Plaintiffs set forth sufficient information to be categorized as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A).

39. Defendant unlawfully failed to categorize Plaintiffs as representatives of the news media, in violation of FOIA.

40. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

### Count II: Violation of FOIA for Failure to Comply with Statutory Deadlines

41. Plaintiffs repeat and re-allege paragraphs 1–33.

42. Defendant is an agency subject to FOIA.

43. By the Request, Plaintiffs properly asked for records within the possession, custody and/or control of Defendant.

44. The Request complied with all applicable regulations regarding the submission of FOIA requests.

45. Defendant failed to make a determination with respect to the Request within the

statutory deadlines as required by FOIA.  5 U.S.C. § 552(a)(6)(A).

46. Defendant's failure to make a determination with respect to the Request within FOIA's statutory deadlines violates Defendant's obligations under FOIA.  *Id.*

47. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

### Count III: Violation of FOIA for Improper Withholding of Agency Records

48. Plaintiffs repeats and re-allege paragraphs 1–33.

49. Defendant is an agency subject to FOIA.

50. By the Request, Plaintiffs properly asked for records within the possession, custody and/or control of Defendant.

51. The Request complied with all applicable regulations regarding the submission of FOIA requests.

52. Defendant has not released any records or portions thereof in response to the Request.

53. Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

54. Defendant has not identified whether or how disclosure of each of the records or portions thereof sought by the Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

55. Defendant has improperly withheld records responsive to the Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

56. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

1) order Defendant to immediately process the Request;

2) order Defendant to immediately conduct searches to identify all records responsive to the Request;

3) issue a declaration that Defendants are in violation of FOIA for failing to categorize Plaintiffs as representatives of the news media;

4) enjoin Defendants from assessing fees for the Request not authorized by FOIA;

5) issue a declaration that Defendants are in violation of FOIA for failing to comply with its deadlines;

6) issue a declaration that Plaintiffs are entitled to disclosure of the records sought by the Request;

7) enjoin Defendant from withholding all records or portions thereof responsive to the Request that are not specifically exempt from disclosure under FOIA;

8) award Plaintiffs reasonable attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

9) grant all such other relief as the Court may deem just and proper.

Dated:  June 15, 2020

                                        Respectfully submitted,

                                              */s/ Katie Townsend*
                                              Katie Townsend
                                              D.C. Bar No. 1026115
                                              Email: ktownsend@rcfp.org
                                              Adam A. Marshall
                                              D.C. Bar No. 1029423
                                              Email: amarshall@rcfp.org

                    REPORTERS COMMITTEE FOR
                    FREEDOM OF THE PRESS
                    1156 15th Street NW, Suite 1020
                    Washington, DC 20005
                    Phone: 202.795.9300
                    Facsimile: 202.795.9310

*Counsel for Plaintiffs*