**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., )<br><br>*and* )<br><br>BENJAMIN GITTLESON, )<br><br>          Plaintiffs, )<br><br>v. )<br><br>U.S. DEPARTMENT OF THE TREASURY, )<br><br>          Defendant. ) | Civil Action No. 1:20-cv-01568 (CJN) |

---

## <u>ANSWER</u>

Defendant, the U.S. Department of the Treasury ("Treasury"), by and through undersigned counsel, hereby answers the Complaint (ECF No. 1) ("Complaint") filed by Plaintiffs American Broadcasting Companies, Inc. ("ABC") and Benjamin Gittleson ("Gittleson") (collectively, "Plaintiffs") on June 15, 2020, as follows, in correspondingly numbered paragraphs:

1.     This paragraph sets forth Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required; otherwise, denied.

2.     This paragraph consists of Plaintiffs' characterization of themselves and their work, to which no response is required and about which Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3.     This paragraph consists of Plaintiffs' characterization of themselves and their work, to which no response is required and about which Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

4.      Admitted that Defendant is an agency of the federal government. The remainder of the allegations set forth in the first sentence of this paragraph consist of legal conclusions to which no response is required. Defendant admits the allegation set forth in the second sentence of this paragraph.

5.      This paragraph consists of Plaintiffs' legal conclusions regarding jurisdiction, to which no response is required.

6.      This paragraph consists of Plaintiffs' legal conclusions regarding venue, to which no response is required.

7.      The allegations in this paragraph contain Plaintiffs' characterization of a statute, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the cited statute, Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), H.R. 748, Pub. L. No. 116-136 (Mar. 2020), which is the best evidence of its contents.

8.      The allegations in the first sentence of this paragraph contain Plaintiffs' characterization of a statute, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the text of the CARES Act, which is the best evidence of its contents. The allegations in the second sentence contain Plaintiffs' characterization of a statute, to which no response is required, and otherwise do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

9.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is required, Defendant admits the allegations set forth in this paragraph that the federal government determined that certain Treasury checks that were printed and mailed pursuant to the CARES

Act would include identifying text in the memo field stating "Economic Impact Payment," with the President's name beneath.

10.     The allegations in this paragraph characterize a news report. Defendant respectfully refers the Court to the cited news report for a complete and accurate statement of its contents.

11.     The allegations in this paragraph characterize a news report. Defendant respectfully refers the Court to the cited news report for a complete and accurate statement of its contents.

12.     The allegations in this paragraph characterize a news report. Defendant respectfully refers the Court to the cited news report for a complete and accurate statement of its contents.

13.     The allegations in this paragraph characterize a news report. Defendant respectfully refers the Court to the cited news report for a complete and accurate statement of its contents.

14.     Admitted.

15.     Defendant admits the allegations in this paragraph to the extent supported by Plaintiffs' FOIA request, which is the best evidence of its contents; otherwise denies.  A true and accurate copy of this document is attached hereto as Exhibit 1.

16.     Defendant admits the allegations in this paragraph to the extent supported by Plaintiffs' FOIA request, which is the best evidence of its contents; otherwise denies.

17.     Defendant admits the allegations in this paragraph to the extent supported by Plaintiffs' FOIA request, which is the best evidence of its contents; otherwise denies.

18.     Defendant admits the allegations in this paragraph to the extent supported by Plaintiffs' FOIA request, which is the best evidence of its contents; otherwise denies.

19.     Defendant admits the allegations in this paragraph to the extent supported by Plaintiffs' FOIA request, which is the best evidence of its contents; otherwise denies.

20.     Defendant admits the allegations in this paragraph to the extent supported by Plaintiffs' FOIA request, which is the best evidence of its contents; otherwise denies.

21.     Defendant admits the allegations in this paragraph to the extent supported by the cited document ("Acknowledgement Letter"), which is the best evidence of its contents; otherwise denies.  A true and accurate copy of the Acknowledgment Letter is attached hereto as Exhibit 2.

22.     Defendant admits the allegations in this paragraph to the extent supported by the Acknowledgement Letter, which is the best evidence of its contents; otherwise denies.

23.     Defendant admits the allegations in this paragraph to the extent supported by the Acknowledgement Letter, which is the best evidence of its contents; otherwise denies.

24.     Defendant admits the allegations in this paragraph to the extent supported by the Acknowledgement Letter, which is the best evidence of its contents; otherwise denies.

25.     Defendant admits the allegations in this paragraph to the extent supported by the Acknowledgement Letter, which is the best evidence of its contents; otherwise denies.

26.     Defendant admits the allegations in this paragraph to the extent supported by the Acknowledgement Letter, which is the best evidence of its contents; otherwise denies.

27.     Defendant admits the allegations in this paragraph to the extent supported by the Acknowledgement Letter, which is the best evidence of its contents; otherwise denies.

28.     Defendant admits that, on or about May 7, 2020, an employee in the Privacy, Transparency, and Records office at Treasury discussed the FOIA request at issue with a person identifying himself as the requester; otherwise denies.  Defendant also denies the allegations insofar as they set forth opinions or conclusions about the language or scope of the FOIA request, and respectfully refers the Court to the FOIA request, attached hereto as Exhibit 1, for a full and accurate statement of its contents.

29.     Defendant admits that it denied Plaintiffs' request for expedited processing.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Defendant admits that, to date, it has not released records in response to Plaintiffs' request. Defendant denies the allegation that it has "refus[ed] to release records responsive to Plaintiffs' Request." To the extent this paragraph consists of Plaintiffs' legal conclusions, no response is required. Otherwise, denied.

34.     Defendant incorporates by reference its answers to paragraphs 1-33.

35.     Admitted.

36.     This paragraph consists of Plaintiffs' characterization of Plaintiffs' FOIA request and legal conclusions, to which no response is required. Defendant respectfully refers the Court to Plaintiffs' FOIA request, attached hereto as Exhibit 1, which is the best evidence of its contents.

37.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

38.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. Defendant respectfully refers the Court to Plaintiffs' FOIA request, attached hereto as Exhibit 1, which is the best evidence of its contents.

39.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. Defendant avers that, based upon Plaintiffs' status as representatives of the news media, Defendant will not charge fees to process Plaintiffs' FOIA request.

40.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

41.     Defendant incorporates by reference its answers to paragraphs 1-33.

42.     Admitted.

43.     This paragraph consists of Plaintiffs' characterization of Plaintiffs' FOIA request and legal conclusions, to which no response is required. Defendant respectfully refers the Court to Plaintiffs' FOIA request, attached hereto as Exhibit 1, which is the best evidence of its contents.

44.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

45.     Defendant avers that it has not yet issued a final response to Plaintiffs' FOIA request. The remainder of this paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

46.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

47.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

48.     Defendant incorporates by reference its answers to paragraphs 1-33.

49.     Admitted.

50.     This paragraph consists of Plaintiffs' characterization of Plaintiffs' FOIA request and legal conclusions, to which no response is required. Defendant respectfully refers the Court to Plaintiffs' FOIA request, attached hereto as Exhibit 1, which is the best evidence of its contents.

51.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

52.     Admitted that Defendant has not yet made a final determination or production in response to Plaintiffs' FOIA request. The remainder of this paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

53.     Admitted that Defendant has not yet made a final determination or production in response to Plaintiffs' FOIA request. The remainder of this paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

54.     Admitted that Defendant has not yet made a final determination or production in response to Plaintiffs' FOIA request. The remainder of this paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

55.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

56.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

The remaining paragraphs of the Complaint contain Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are

entitled to any of the relief requested in paragraphs 1 through 9 of the Request for Relief, or to any other relief.

Defendant hereby denies all allegations in the Complaint not expressly admitted or denied.

## DEFENSES

1.      Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

2.      Plaintiffs' failure to exhaust administrative remedies with respect to one or more of its claims precludes judicial review over those claims.

3.      Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions to the FOIA, 5 U.S.C. § 552.

4.      Plaintiffs' claim for waiver of fees as representatives of the news media is moot.

Dated: July 20, 2020                     Respectfully submitted,

                                         ETHAN P. DAVIS
                                         Acting Assistant Attorney General

                                         ELIZABETH J. SHAPIRO
                                         Deputy Director
                                         Federal Programs Branch


                                          /s/ Amber Richer
                                         AMBER RICHER (CA Bar No. 253918)
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street, NW
                                         Washington, D.C. 20530
                                         Tel: (202) 514-3489
                                         Email: amber.richer@usdoj.gov

                                         *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2020, I electronically transmitted the foregoing to the

parties and the clerk of court for the United States District Court for the District of Columbia

using the CM/ECF filing system.

  /s/ Amber Richer
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

# Exhibit 1

SharePoint                                          Newsfeed    OneDrive    Sites    ⚙    ?

| | |
|---|---|
| Title | |
| Online FOIA ID | fce77e79c9e0445c90ed4700f8957e03 |
| First Name | Benjamin |
| Middle Initial | N/A |
| Last Name | Gittleson |
| Company Organization | ABC News |
| Phone Number | 6467409341 |
| Other Phone Number | N/A |
| Fax Number | N/A |
| Street Address Line1 | 1717 Desales St NW |
| Street Address Line2 | N/A |
| City | Washington |
| State | DC |
| Zip | 20036 |
| Country | N/A |
| Email Address | benjamin.d.gittleson@abc.com |
| Delivery Method | Electronic Copy |
| Bureau | Departmental Offices (Headquarters) |
| Description | Pursuant to the federal Freedom of Information Act (5 U.S.C. § 552), I request access to and copies of all e-mail communication, meeting notes, and other relevant records concerning the decision to print President Donald Trump's name on Economic Impact Payment checks disseminated to Americans as part of stimulus, or relief, related from the impact of the COVID-19 pandemic. |

I request access to and copies of all records regarding that decision, including but not limited to communications between Treasury Department officials, Internal Revenue Service officials, and White House officials.

I am requesting expedited processing of my request. Please see my "Expedited Processing Justification" statement. I am making this request as a journalist, and this information is of extremely timely value, as it directly relates to the government's response to the ongoing COVID-19 outbreak. It is of urgent interest to the public, and directly relates to public healthy and safety.

Please waive any applicable fees. As a representative of ABC News, I am gathering this information because it will contribute significantly to public understanding of government operations. Please see my "Fee Waiver Justification" statement.

I would like to receive the information electronically, via email.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. If parts of the documents can be prepared faster, please send them to me ahead.

If your agency does not maintain these public records, please let me know who does and include the proper custodian's name and contact information.

Given the public importance of this topic, please respond within 10 calendar days, as required by statute.

Thank you for your assistance.

| | |
|---|---|
| Fee Category | Media/Press |
| Request Type | FOIA |
| Request Fee Waiver | 1 |
| Request Expedited Processing | 1 |
| Will Pay Up To | 0.00 |
| Enter Electronic Signature Code | fce77e79c9e0445c90ed4700f8957e03 |
| Full Name | N/A |
| Created Date | 4/16/2020 10:08:11 AM |
| UserRefCode | fce77e79c9e0445c90ed4700f8957e03 |
| Processed Status | 2020-04-251 site created on 4/24/2020 10:48:05 AM |

Expedited Processing Justification  I, Benjamin Gittleson, am a full time reporter for ABC News and made this request "as a person primarily engaged in disseminating information."

This request concerns a matter of "urgency to inform the public concerning actual or alleged Federal Government" activity." This request was prompted by an interest in understanding the decision to print President Donald Trump's name on Economic Impact Payment checks disseminated to Americans as part of stimulus, or relief, related from the impact of the COVID-19 pandemic, including whether it resulted in a delay to the dissemination of those checks and an adverse impact on Americans' livelihoods and health.

As a nation, we are facing an unprecedented time in which millions of Americans are struggling with unemployment, as well as being able to cover the costs of rent, healthcare, food, and other bills. This request and the need to understand the position of the Federal Government regarding decisions it has made to meet its obligations for disseminating the Economic Impact Payment checks unquestionably satisfies the requirement that the request "concerns a matter of current exigency to the American public." The decision-making process behind placing the president's name on the checks, and whether it led to a delay in disseminating them, was widely reported the week of April 13, 2020, demonstrating the enormous public interest on this topic.

A delay in receiving the information that is the subject of this request will compromise the American public's ability to stay informed about and understand the dissemination of these important payments.

As this request concerns changes to a government payment program, it unquestionably concerns federal government activity and satisfies the final requirement of this statutory provision.

Given the public importance of this topic, please respond within 10 calendar days, as required by statute.

| | |
|---|---|
| Expedited Request Date | 2020-04-16 10:08:11 |

Fee Waiver Justification  I request a fee waiver. Please waive any applicable fees. ABC News is a widely respected news organization that has been committed to bringing the American public fair and accurate reporting concerning matters of public interest. As a representative of ABC News, I am gathering this information because it will contribute significantly to public understanding of government operations.

| | |
|---|---|
| Fee Waiver Request Date | 2020-04-16 10:08:11 |
| Request Date | 4/16/2020 10:08:11 AM |

Created at 4/23/2020 10:10 PM  by ☐ SpAdmin
Last modified at 4/24/2020 10:48 AM  by 🔴 Reid, Kathy

Close

Case 1:20-cv-01568-CJN   Document 6   Filed 07/20/20   Page 14 of 18

# Exhibit 2



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C.

April 28, 2020

RE: 2020-04-251

Mr. Benjamin Gittleson
ABC News
1717 Desales St. NW
Washington, D.C.  20036

Email: benjamin.d.gittleson@abc.com

Dear Mr. Gittleson:

This letter acknowledges your Freedom of Information Act (FOIA) request submitted to the U.S.
Department of the Treasury, dated April 16, 2020.  You seek, "access to and copies of all e-mail
communication, meeting notes, and other relevant records concerning the decision to print
President Donald Trump's name on Economic Impact Payment checks disseminated to
Americans as part of stimulus, or relief, related from the impact of the COVID-19 pandemic."

I have initiated a search within Departmental Offices (DO), for records that would be
responsive to your request.  I will make every effort to provide you with a timely response;
however, please be advised that unusual circumstances exist regarding the search for and
review of potentially responsive records.  The unusual circumstances are due to the
consultation required between two or more program offices and/or a search is expected to result
in voluminous records and/or a search is required to be conducted for records stored in field
offices or warehouses off site; therefore,  an additional processing extension of (10) days is
required to process your request.  As with all FOIA requests, I invite you to consider contacting
our office to discuss limiting the scope of your request which could significantly reduce the
processing time of your request.

We will review your request for a fee waiver once our office ascertains that the billable costs will
exceed our $25.00 billing threshold.

You have requested expedited processing.  The FOIA states that "each agency shall promulgate
regulations … providing for expedited processing of requests for records."  There are two
categories of requests that merit expedited review under Treasury's FOIA regulations:  (1)
requests for which a lack of expedited treatment "could reasonably be expected to pose an
imminent threat to the life or physical safety of an individual;" or (2) where there is an
"urgency to inform the public about an actual or alleged Federal Government activity", if made
by a person primarily engaged in disseminating information."

Based upon my review of the information contained in your request, and in consideration of the two factors identified above, I have determined to deny your request for expedited processing.

You have not demonstrated how not receiving the information you requested would reasonably be expected to pose an imminent threat to the life or physical safety of an individual or the urgency to inform the public about an actual or alleged Federal Government activity.

"Since Treasury's response to your request for expedited treatment constitutes an adverse action, you have the right to appeal this determination within 90 days from the date of this letter.  By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision.  Your appeal must be in writing, signed by you or your representative, and should contain the rationale for your appeal.  Please also cite the FOIA reference number noted above.  Your appeal should be addressed to:

> Ryan Law
> Deputy Assistant Secretary for Privacy, Transparency and Records
> FOIA Appeal
> FOIA and Transparency
> Privacy, Transparency, and Records
> Department of the Treasury
> 1500 Pennsylvania Ave., N.W.
> Washington, D.C. 20220

If you submit your appeal by mail, clearly mark the letter and the envelope with the words "Freedom of Information Act Appeal."  Your appeal must be postmarked or electronically transmitted within **90 days** from the date of this letter.

If you would like to discuss this response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact Treasury's FOIA Public Liaison, for assistance via email at FOIAPL@treasury.gov, or via phone at (202) 622-8098.

A FOIA Public Liaison is a supervisory official to whom FOIA requesters can raise questions or concerns about the agency's FOIA process. FOIA Public Liaisons can explain agency records, suggest agency offices that may have responsive records, provide an estimated date of completion, and discuss how to reformulate and/or reduce the scope of requests in order to minimize fees and expedite processing time.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you wish to contact OGIS, you may contact the agency directly at the following address, emails, fax or telephone numbers:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road – OGIS

2

College Park, MD 20740-6001
Email: ogis@nara.gov
Telephone: 202-741-5770
Toll free: 1-877-684-6448
Fax: 202-741-5769

Please note that contacting any agency official (including the FOIA analyst, FOIA Requester Service Center, FOIA Public Liaison) and/or OGIS is not an alternative to filing an administrative appeal and does not stop the 90- day appeal clock.

You may reach me via telephone at 202-622-0930, extension 2; or via email at FOIA@treasury.gov.  Please reference the FOIA number at the top of this letter when contacting our office about this request."

Sincerely,

*Cawana Pearson*

Cawana Pearson
FOIA Case Manager, FOIA and Transparency
Privacy, Transparency, and Records (PTR)

3