IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., <br><br> and <br><br> BENJAMIN GITTLESON, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF THE TREASURY, <br><br> Defendant. | Civil Action No. 1:20-cv-01568 (CJN) |

## FIRST JOINT STATUS REPORT

Pursuant to the Court's Minute Order entered July 27, 2020, the parties have conferred and report as follows:

1. This case concerns a Freedom of Information Act ("FOIA") request submitted by Plaintiffs American Broadcasting Companies, Inc. ("ABC") and Benjamin Gittleson ("Gittleson") (collectively, "Plaintiffs") to Defendant, the U.S. Department of the Treasury ("Treasury") (the "Request").

2. Plaintiffs initiated this action under FOIA on June 15, 2020.  Compl., ECF No. 1. Defendant answered the complaint on July 20, 2020.  Ans., ECF No. 6.

3. As of the date of this status report, Treasury has initiated the search for records responsive to Plaintiffs' Request and the search is ongoing.

4. A motion for stay under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976) is unlikely at this time.

1

5. The parties do not yet know whether summary judgment briefing will be necessary in this case. Accordingly, the parties propose that the Court defer setting a briefing schedule at this time, and that the parties meet and confer following the completion of Defendant's response to discuss whether any issues remain that would require briefing. If such issues exist, the parties will propose a briefing schedule to the Court.

6. The parties agree that they cannot determine the possibility of narrowing the Request or prioritizing the production of documents at this time.

7. The parties further propose that they file a joint status report on or before October 9, 2020, setting forth the status of this case.

Treasury's position as to further proceedings:

8. Treasury has initiated the search for records responsive to Plaintiffs' FOIA request, and has informed Plaintiffs that it will need additional time to conclude the search. Because the search is ongoing, Treasury is currently unable to determine the total number of documents that are responsive to Plaintiffs' FOIA requests, and is thus unable to estimate the date on which it will be able to complete its production of responsive, non-exempt records to Plaintiffs. However, based on the status of its work to date, Treasury anticipates that it will be able to make a first production of responsive, non-exempt records by September 30, 2020, and release any additional responsive, non-exempt records to Plaintiffs on a rolling basis, with monthly productions thereafter.

9. Treasury is working diligently to respond to the Request and is allocating all appropriate resources towards processing this Request.

10. Treasury proposes to meet and confer with Plaintiffs to discuss a reasonable processing schedule once the search is complete and the volume of responsive documents has been determined.

11. Plaintiffs' reliance on *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014), is misplaced. That case presented an extraordinary situation, where the court expressly noted that the "request that the [defendant] process 5,000 pages a month is higher than the rate would be in an ordinary case" but warranted only in light of not only "the importance of [plaintiff's] work" but also "the possibility that she may have only a limited time in which to do it" due to terminal illness.

Plaintiffs' position as to further proceedings:

12. Plaintiffs agree with Treasury's proposal for the first production of records to be made on or before September 30, 2020. However, because Treasury has not agreed to any rate for the processing of records, or the date by which it will complete its search for processing records, Plaintiffs respectfully request that the Court order Treasury to follow the schedule set forth herein and in the attached proposed order.

13. Plaintiffs' Request seeks, generally, records concerning the decision to print President Donald Trump's name on Economic Impact Payment checks disseminated to Americans as part of the COVID-19 pandemic stimulus/relief effort. *See* Compl., ECF No. 1, ¶¶ 15–16. As of the date of this status report, Plaintiffs' Request has been pending with Treasury for close to four months. According to Treasury, the agency has yet to even complete its search for responsive records.

14. Following the Court's Minute Order of July 27, 2020, Plaintiffs' counsel

conferred several times with Defendant's counsel, seeking information about the status of the Request, including information requested by the Court's Minute Order.  *Cf.* Minute Order (Jul. 27, 2020).  Notwithstanding Plaintiffs' attempts to secure Treasury's agreement to a reasonable schedule for completion of its search and production of responsive records, Treasury has refused to agree to any rate or timeline for completing its production of responsive records.

15. Accordingly, and particularly given the strong public interest in this matter, *see*, *e.g.*, Compl. ¶ 19, Plaintiffs respectfully request the Court enter a scheduling order that will require Defendant to promptly finish searching for, and begin processing and production of, responsive records.  *See*, *e.g.*,  *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006) (noting "courts have the authority to impose concrete deadlines on agencies that delay the processing of requests meriting expedition."); *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (ordering FBI to process 5,000 pages per month given, *inter alia*, the "importance of [the plaintiff's] work").

16. Specifically, Plaintiffs respectfully request that the Court enter the attached proposed order requiring Treasury to:

    a. Complete its search for responsive records and make its first production of responsive, non-exempt records by September 30, 2020;

    b. Process records at a rate of no fewer than 750 pages per month, and release records or portions thereof Treasury does not claim are exempt to Plaintiffs, on a rolling basis, every 30-days thereafter with the second production to be made on or before October 30, 2020.

Dated: August 14, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch


 /s/ Amber Richer
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

*Attorneys for Defendant*


/s/ Katie Townsend
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310

*Counsel for Plaintiffs*