IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., <br><br> *and* <br><br> BENJAMIN GITTLESON, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF THE TREASURY, <br><br> Defendant. | Civil Action No. 1:20-cv-01568 (CJN) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h), Defendant U.S. Department of the Treasury ("Treasury") respectfully submits that the following material facts are not in genuine dispute:

**I.    Plaintiffs' Freedom of Information Act ("FOIA") Request ("Request")**

1. Plaintiffs submitted the Request at issue on April 16, 2020, seeking "access to and copies of all e-mail communication, meeting notes, and other relevant records concerning the decision to print President Donald Trump's name on Economic Impact Payment checks disseminated to Americans as part of stimulus, or relief, related from the impact of the COVID-19 pandemic." Complaint ("Compl."), ECF No. 1, ¶ 15; Declaration of Michelle A. Dickerman ("Dickerman Decl.") ¶ 4 & Ex. A.

2. On April 28, 2020, Treasury issued a letter acknowledging receipt of Plaintiffs' Request. Dickerman Decl. ¶ 6 & Ex. B; Compl. ¶ 21 & Ex. 1.

3. Plaintiffs filed the Complaint on June 15, 2020. Dickerman Decl. ¶ 8; Compl. ¶ 1.

4. Treasury made the first production on September 30, 2020, consisting of 388 pages with partial withholdings under Exemption 6. Dickerman Decl. ¶ 11 & Ex. C.

5. On October 30, 2020, Treasury made the second production of 326 pages, portions of which Treasury withheld pursuant to Exemptions 5 and 6. Dickerman Decl. ¶ 12 & Ex. D.

6. The third production on December 1, 2020, consisted of 78 pages, portions of which Treasury withheld pursuant to Exemptions 5 and 6. Dickerman Decl. ¶ 13 & Ex. E.

7. Treasury issued the fourth production on January 15, 2021, consisting of 61 pages, with partial withholdings pursuant to Exemptions 5 and 6. Dickerman Decl. ¶ 14 & Ex. F.

8. At this time, Treasury also withheld in full pursuant to Exemption 5 an additional 56 pages. Dickerman Decl. ¶ 14 & Ex. F.

9. After this final production, the parties engaged in discussions to narrow or resolve the issues in dispute. Dickerman Decl. ¶ 15.

10. In the course of these discussions, Treasury agreed to provide Plaintiffs a draft index of pages withheld in full pursuant to Exemption 5. Dickerman Decl. ¶ 15.

11. Treasury agreed to issue a discretionary release of certain pages previously withheld in full. Dickerman Decl. ¶ 15.

12. On April 30, 2021, Treasury voluntarily made a fifth production, consisting of a discretionary release of 16 pages depicting preliminary draft designs of the Economic Impact Payment checks. Dickerman Decl. ¶ 16.

13. Plaintiffs do not dispute the adequacy of the search. Dickerman Decl. ¶ 17.

14. Plaintiffs do not dispute the propriety of the withholdings pursuant to Exemption 6. Dickerman Decl. ¶ 17.

## II.  Exemption 5 Withholdings

15.  The Dickerman Declaration sets forth the basis for the withholdings under Exemption 5. Dickerman Decl. ¶¶ 18-30.

16.  The Dickerman Declaration sets forth the reasonably foreseeable harm that would result from disclosure of the withheld information. Dickerman Decl. ¶¶ 18-30.

17.  The Exemption 5 withholdings consist of information protected by the deliberative process privilege and the attorney-client privilege. Dickerman Decl. ¶¶ 18-30.

18.  The withholdings under the deliberative process privilege consist of pre-decisional and deliberative communications and drafts. Dickerman Decl. ¶¶ 18-23, 25-29.

19.  The withholdings under the attorney-client privilege include drafts of analysis of legal questions related to the Economic Impact Payment checks. Dickerman Decl. ¶¶ 24, 30.

## III.  Segregability

20.  The Dickerman Declaration demonstrates that Treasury has taken steps to ensure the release of all reasonably segregable, non-exempt information in response to the Request. Dickerman Decl. ¶ 31 & Ex. G.

21.  Treasury determined that the information that remains withheld is either "exempt from disclosure pursuant to a FOIA exemption" and cannot be released without harm to the interests protected by that exemption, or "so intertwined with protected material that segregation was not possible without revealing the underlying protected material." Dickerman Decl. ¶ 31 & Ex. G.

Dated: July 16, 2021                        Respectfully submitted,

                                                            BRIAN M. BOYNTON
                                                            Acting Assistant Attorney General

                                                            ELIZABETH J. SHAPIRO
                                                            Deputy Director
                                                            Federal Programs Branch


                                                             /s/ Amber Richer
                                                            AMBER RICHER (CA Bar No. 253918)
                                                            Trial Attorney
                                                            U.S. Department of Justice
                                                            Civil Division, Federal Programs Branch
                                                            1100 L Street, NW
                                                            Washington, D.C. 20530
                                                            Tel: (202) 514-3489
                                                            Email: amber.richer@usdoj.gov
                                                            *Attorneys for Defendant*