**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., <br><br> and <br><br> BENJAMIN GITTLESON, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF THE TREASURY, <br><br> Defendant. | Civil Action No. 1:20-cv-01568 (CJN) |

## DECLARATION OF ADAM A. MARSHALL

I, Adam A. Marshall, declare as follows:

1.      I am a senior staff attorney at the Reporters Committee for Freedom of the Press ("RCFP"), an unincorporated nonprofit association located in Washington, D.C.  I have held this position since January 2021.  Prior to becoming a senior staff attorney, I was a staff attorney at RCFP; I held that position from September 2016 through December 2020.  Prior to becoming an RCFP staff attorney, I was its Jack Nelson/Dow Jones Foundation Legal Fellow; I held that position from September 2014 through August 2016.

2.      I am an attorney and co-counsel for Plaintiffs in this matter.  I make this declaration in support of Plaintiffs' Cross-Motion for Partial Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment.  I have personal knowledge of the matters stated in this declaration.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000910.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000911.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000912.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000913.

7.      Attached hereto as **Exhibit 5** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000914.

8.      Attached hereto as **Exhibit 6** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000915.

9.      Attached hereto as **Exhibit 7** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000916.

10.     Attached hereto as **Exhibit 8** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000917.

11.     Attached hereto as **Exhibit 9** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000918.

12.     Attached hereto as **Exhibit 10** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000919.

13.     Attached hereto as **Exhibit 11** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000920.

14.     Attached hereto as **Exhibit 12** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000921.

15.     Attached hereto as **Exhibit 13** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000922.

16.     Attached hereto as **Exhibit 14** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000923.

17.     Attached hereto as **Exhibit 15** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000924.

18.     Attached hereto as **Exhibit 16** is a true and correct copy of a record produced to Plaintiffs by Defendant on or about April 30, 2021, labeled with the Bates number UST__000925.

19.     Attached hereto as **Exhibit 17** is a true and correct copy of a press release titled "Treasury, IRS Announce Delivery of 159 Million Economic Impact Payments" issued by Defendant on June 3, 2020, and obtained from https://home.treasury.gov/news/press-releases/sm1025.

20.     Attached hereto as **Exhibit 18** is a true and correct copy of an April 27, 2020, ABC News article titled "Americans receiving letters signed by Trump explaining stimulus checks, touting coronavirus response."

21.     Attached hereto as **Exhibit 19** is a true and correct copy of an excerpt from the United States Government Policy and Supporting Positions directory dated December 2020 as printed for use by the Committee on Oversight and Reform, and obtained from https://www.govinfo.gov/content/pkg/GPO-PLUMBOOK-2020/pdf/GPO-PLUMBOOK-2020.pdf.

22.     Attached hereto as **Exhibit 20** is a true and correct copy of the professional profile of Fiscal Assistant Secretary David Lebryk published by Defendant and obtained from https://home.treasury.gov/about/general-information/officials/david-lebryk.

23.     Attached hereto as **Exhibit 21** is a true and correct copy of the professional profile of Commissioner Charles P. Rettig published by the U.S. Internal Revenue Service and obtained from https://www.irs.gov/newsroom/commissioner-charles-p-rettig.

24.     Attached hereto as **Exhibit 22** is a chart titled "Plaintiffs' Challenges to Defendant's Exemption 5 Withholdings."   The first six columns in Exhibit 22 reflect verbatim the information provided in the first six columns in Defendant's *Vaughn* index, ECF No. 19-5 at Ex. G, with respect to records withheld by Defendant in part or in full citing Exemption 5.  The seventh column reflects whether the material has been withheld in part or in full, as reflected in Defendant's *Vaughn* index, but omits the remainder of the information from that column (such as production number).  The eighth column sets forth Plaintiffs' challenges, if any, to Defendant's withholdings or redactions under Exemption 5.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of August 2021 in Washington, D.C.

*/s/ Adam A. Marshall*

Adam A. Marshall

# EXHIBIT 1

012345

United States Treasury

15-51
000

GX002,880,063

Check No.

4038 03302020

2020012345678 9

03 30 20 20201234 KANSAS CITY, MO

000011112222        4038 03302020

Pay to
the order of  John Doe
1234 Any Street
Anytown, USA 12345

$ ***************VOID*00

VOID AFTER ONE YEAR

DOE AUSTIN 12/2020  EIP 2020  30
ECONOMIC IMPACT PAYMENT

REGIONAL DISBURSING OFFICER

⑊4O38O⑊    ⑊OOOOOO32O⑊    O33O2O2O⑊    O33O2O

**First Line of Memo:**
Field #1 - First Four Digits of Last Name
Field #2 - IRS Service Center
Field #3 - Tax Season Filing Year
Field #4 - Reason Check Issued
Field #5 - TBD

UST_000910

# EXHIBIT 2

012345

**United States Treasury**

15-51
000

GX002,880,063

Check No.

4038 03302020

20200123456789

03 30 20 20201234 KANSAS CITY, MO

000011112222   4038 03302020

Pay to
the order of   John Doe
1234 Any Street
Anytown, USA 12345

$ *************VOID*00

VOID AFTER ONE YEAR

PRESIDENT DONALD J. TRUMP
SECRETARY STEVEN T. MNUCHIN

REGIONAL DISBURSING OFFICER

⑈403800⑈   ⑈000000320⑈   03302020⑈   033020

20_032-E1-00000194

UST_000911

# EXHIBIT 3

012345

United States Treasury

15-51
000

GX002,880,063

Check No.
4038 03302020
20200123456789

Pay to
the order of  John Doe
1234 Any Street
Anytown, USA 12345

03 30 20 20201234 KANSAS CITY, MO
000011112222        4038 03302020

DOE AUSTIN 12/2020  EIP 2020  30
ECONOMIC IMPACT PAYMENT

REGIONAL DISBURSING OFFICER

$ *************VOID*00

VOID AFTER ONE YEAR

⑆40380⑆    ⑈000000320⑈    03302020⑉    033020

**First Line of Memo:**
Field #1 - First Four Letters of Last Name
Field #2 - IRS Service Center
Field #3 - Tax Period
Field #4 - Reason Check Issued
Field #5 - IRS internal code indicating type of tax

20_032-E1-00000195

UST_000912

# EXHIBIT 4



20_032-E1-00000211

# EXHIBIT 5



# EXHIBIT 6



# EXHIBIT 7



UST_000916

20_032-E1-00000216

# EXHIBIT 8



# EXHIBIT 9



20_032-E1-00000218

# EXHIBIT 10



UST_000919

# EXHIBIT 11



# EXHIBIT 12



20_032-E1-00000421

# EXHIBIT 13



# EXHIBIT 14

**DRAFT April 16, 2020**
**Treasury Checks for Economic Impact Payments and Treasury Check Verification Application**

*Sample Economic Impact Payment Check Front*



*Sample Economic Impact Payment Check Back*

This communication was sent by the Federal Reserve Banks on behalf of the U.S. Department of the Treasury, Bureau of the Fiscal Service.

# EXHIBIT 15

**DRAFT April 17, 2020**
**Treasury Checks for Economic Impact Payments and Treasury Check Verification Application**

*Sample Economic Impact Payment Check Front*



*Sample Economic Impact Payment Check Back*



This communication was sent by the Federal Reserve Banks on behalf of the U.S. Department of the Treasury, Bureau of the Fiscal Service.

# EXHIBIT 16



20_032-E2-00000005

# EXHIBIT 17

🇺🇸 *An official website of the United States Government*                                        Accessibility

## U.S. DEPARTMENT OF THE TREASURY

# Treasury, IRS Announce Delivery of 159 Million Economic Impact Payments

June 3, 2020

**WASHINGTON**—The U.S. Department of the Treasury and IRS announced today that 159 million Economic Impact Payments, worth more than $267 billion, have been distributed to Americans in two months. Payments have been sent to all eligible Americans for whom the IRS has the necessary information to make a payment. These totals do not include the more than $2.5 billion that have been delivered to U.S. territories for payment to territory residents.

"The Trump Administration has delivered 159 million Economic Impact Payments worth more than $267 billion to Americans in record time," said Secretary Steven T. Mnuchin. "These payments are an integral part of our commitment to providing much-needed relief to the American people during this unprecedented time."

The last time a similar effort was undertaken, it took over two months to make 800,000 payments. Of the Economic Impact Payments, 120 million were sent to Americans by direct deposit, 35 million by check and 4 million payments were made in the form of a pre-paid debit card. For EIP figures, click here .

Even with these unprecedented efforts, there are eligible Americans who still did not yet receive their payments, and need to take action.

**Individuals who do not normally file taxes and have not received my Economic Impact Payment.**

Individuals who do not normally file taxes and have not yet received their Economic Impact Payment should use the Non-Filers Tool. Americans who did not file a tax return in 2018 or 2019 can submit basic personal information to the IRS so that they can receive payments. This tool will remain available until October 15 and anyone who registers by October 15 will receive their payment by the end of the year. The Non-Filers Tool can be found here.

**Individuals who do file taxes, and believe they are eligible for an Economic Impact Payment, but haven't received one.**

Individuals who do file taxes, and believe they are eligible for an Economic Impact Payment, but haven't received one will be able to claim their payment when they file their 2020 tax return.

If you need the payment sooner, you may call the IRS Economic Impact Payment line at 800-919-9835. Call volumes are high, so call times may be longer than anticipated.

**Individuals who think their Economic Impact Payment was incorrect.**

Payment amounts vary based on income, filing status and family size. If you filed a 2019 tax return, the IRS used information from it about you, your spouse, your income, filing status and qualifying children to calculate the amount and issue your Payment. If you haven't filed your 2019 return or it has not been processed yet, the IRS used the information from your 2018 return to calculate the amount and issue your Payment.

If you did not receive the full amount to which you are entitled, you will be able to claim the additional amount when you file your 2020 tax return.

**Individuals who have dependents and did not receive the $500 per dependent**

If you did not receive the full amount for a dependent to which you believe you are entitled, you will be able to claim the additional amount when you file your 2020 tax return.

For more Information on the Economic Impact Payment, including answers to frequently asked questions and other resources, visit IRS.gov/coronavirus.

####

# EXHIBIT 18

VIDEO    LIVE    SHOWS    CORONAVIRUS        

**BREAKING**

Afghanistan updates: Chaos at Kabul airport, world leaders react to Taliban takeover

 CORONAVIRUS GOVERNMENT RESPONSE

# Americans receiving letters signed by Trump explaining stimulus checks, touting coronavirus response

*Some experts say the move is "clearly connected to his reelection."*

By **Will Steakin**
April 27, 2020, 5:19 PM • 5 min read

  

## Top Stories

US troops evacuate civilians, diplomats in Kabul as Taliban close in 
Aug 15, 11:31 AM

Afghanistan updates: Chaos at Kabul airport, world responds 
1 hour ago

Afghan government collapses as Taliban enters Kabul 
1 hour ago

Glaring intelligence failure threatens Biden Afghanistan withdrawal plan: The Note 
2 hours ago

Astros reach settlement after toddler hit by foul ball, attorney says 
Aug 15, 5:15 PM

⏸ 00:03 / 02:21    🔇✕          f  ↗  ⚙    ⛶

Coronavirus daily update: April 27, 2020
*The latest news and biggest developments to keep you informed about the deadly pandemic.*

Americans receiving stimulus checks amid the coronavirus pandemic have started getting signed letters by President Donald Trump in the mail.

The letter sent to millions of Americans, which prominently features a massive signature by the president that stands a full 2.25 inches long and about an inch high, looks to explain the reasoning for the direct payments while touting the government response to the crisis.

Recent Stories from ABC News

Ad | Business Infoline

° ABC News Live



*24/7 coverage of breaking news and live events*



Ad | Business Infoline

While the purpose of the letter, according to the Internal Revenue Service website, is to confirm receipt of a stimulus payment and, most important, to provide guidance about what to do if someone is due a payment and have not received one, it mostly appears to highlight the government's response to the virus while providing a website and phone number at the bottom without any further instructions.

***Tune into ABC at 1 p.m. ET and ABC News Live at 4 p.m. ET every weekday for special coverage of the novel coronavirus with the full ABC News team, including the latest news, context and analysis.***

"Your Economic Impact Payment Has Arrived," reads large bold text at the top of the letter, just below "The White House" letterhead.

The one-page letter, sent separately from mailed checks and which ABC News has obtained, states that the country is "experiencing an unprecedented public health and economic challenge as a result of the global coronavirus pandemic."

The letter is sent in an envelope marked by the IRS as part of the Treasury Department, with postage and fees paid for by the IRS and casts the response to the virus as a "war" and describes it as an "invisible enemy," a term the president has often used in White House press briefings.

"We are fully committed to ensuring that you and your family have the support you need to get through this time," the letter reassures Americans.

The president also details the passing of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) in the letter, pointing out that he "proudly signed into law."

"I want to thank the United States House of Representatives and the United States Senate for working so quickly with my Administration to fast-track this $2.2 trillion in much-needed economic relief to the American people," Trump goes on to write.

The White House did not respond to

a request for comment.

At a White House coronavirus press briefing on Friday, the president appeared to mention the letters, stating, "The CARES act requires that the federal government send out a notice of what benefits Americans are receiving to fulfill the requirement."

"It will include the amount, their economic impact payment, how it will arrive, direct deposit, check, or prepaid debit card as well as a message to the nation letting each American know that we are getting through this challenge together as one American family," Trump said.

📷 Charles Krupa/AP

*A letter from the Internal Revenu...***Read More**

The letters follow an unprecedented move by the Trump administration to ensure that the president's name appeared on the paper stimulus checks mailed to Americans starting in mid-April.

Experts believe it's the first time a president's name will appear on a payment from the IRS, an agency that often looks to maintain independence from partisan politics.

Treasury Secretary Steven Mnuchin said last weekend that it was his idea to have the president's name appear on the checks in the memo section. "We did put the president's name on the check," Mnuchin said on CNN's "State of the Union." "That was my idea. He is the president, and I think it's a terrific symbol to the American public."

Some experts say the signed letters mailed to Americans are part of a larger effort by the president to use his administration's response to the coronavirus pandemic to his political advantage six-months out from Election day.

"It's clearly connected to his reelection effort," historian at Princeton University Julian E. Zelizer told ABC News. "He doesn't want to do what President Obama did, failing to promote his role in a recovery program and then failing to gain political credit."

"[President Franklin D. Roosevelt] made sure that voters knew public works programs were part of the New Deal. You can see the placards today. But in Trumpian fashion he goes overboard. He does it in such a fashion that this becomes the focus rather than the needs of Americans. Unlike the New Deal, the current program--$1200 checks and more unemployment insurance--doesn't come anywhere close to what is needed to stabilize the economy," Zelizer said.

"So it's a bit like the Trump steaks--lots of crass advertising and the product isn't very satisfactory," he added.

*ABC News' Sarah Kolinovsky and Jordyn Phelps contributed to this report.*

**What to know about coronavirus:**
- *How it started and how to protect yourself:* **coronavirus explained**
- *What to do if you have symptoms:* **coronavirus symptoms**
- *Tracking the spread in the US and Worldwide:* **coronavirus map**

💬 Comments (241)

abc NEWS

Before You Go

New Cadillac's Finally On Sale

These Cars Are So Loaded It's Hard to Believe They're So Cheap

Buick's New Lineup Is Truly Stunning

New Shaftless Stair Lifts takes Only Hours to Install- See How Much They Cost

New Senior Apartments Coming Near Waterville (Take a Look at The Prices)

Maine Launches New Policy For Cars Used Less Than 50 Miles/Day

Indonesia's army stops 'virginity tests' on female recruits

North Carolina is child bride destination; bill could end it

Kids With Psoriasis: Bath Time Tips

If You Have More Than $1,000 in the Bank, Make These 6 Moves

U.S. Surgeon: This Simple Trick Empties Almost Immediately Your Bowels Every Morning

ABC News Network | Privacy Policy | Your CA Privacy Rights | Children's Online Privacy Policy | Interest-Based Ads | About Nielsen Measurement | Terms of Use |
Do Not Sell My Info | Contact Us |
Copyright © 2021 ABC News Internet Ventures. All rights reserved.

# EXHIBIT 19

122                                     DEPARTMENTS

## DEPARTMENT OF THE TREASURY

| Location | Position Title | Name of Incumbent | Type of Appt. | Pay Plan | Level, Grade, or Pay | Tenure | Expires |
|---|---|---|---|---|---|---|---|
| | **SECRETARY OF THE TREASURY** | | | | | | |
| Washington, DC ...... | Secretary ...................................................... | Steven Terner Mnuchin ....... | PAS | EX | I | .............. | |
| Do .................... | Deputy Secretary of the Treasury ..................... | Justin George Muzinich........ | PAS | EX | II | .............. | |
| Do .................... | Chief of Staff................................................. | Vacant ................................ | | ES | | .............. | |
| Do .................... | Deputy Chief of Staff...................................... | John Baylor Myers ............... | SC | GS | 15 | .............. | |
| Do .................... | ...... do ........................................................ | Zachary Lawrence Mcentee .. | SC | GS | 14 | .............. | |
| Do .................... | Counselor to the Secretary................................ | Daniel Joseph Kowalski........ | NA | ES | | .............. | |
| Do .................... | ........ do ...................................................... | Carter Hamilton Burwell....... | NA | ES | | .............. | |
| Do .................... | ........ do ...................................................... | Adam Lerrick...................... | NA | ES | | .............. | |
| Do .................... | Executive Secretary ........................................ | Vacant ................................ | | ES | | .............. | |
| Do .................... | Deputy Executive Secretary.............................. | Alexandra Harrison Gaiser .. | NA | ES | | .............. | |
| Do .................... | White House Liaison ....................................... | Alex Hinson ........................ | SC | GS | 14 | .............. | |
| Do .................... | Associate Director of Scheduling and Advance.. | Caleb Patrick Baca............... | SC | GS | 9 | .............. | |
| Do .................... | Dir, Scheduling and Advance ........................... | William Joseph Mitchelson.. | SC | GS | 12 | .............. | |
| Do .................... | Advance Representative .................................... | Shane Robert Hofer.............. | SC | GS | 9 | .............. | |
| Do .................... | Senior Advisor to the Deputy Secretary and Counselor to the General Counsel. | Joseph Roger Clark............... | NA | ES | | .............. | |
| Do .................... | Special Advisor ............................................... | Robert Michael Baldwin ...... | SC | GS | 13 | .............. | |
| Do .................... | Special Assistant ............................................. | Muhammad Usman Rahim . | SC | GS | 9 | .............. | |
| Do .................... | ........ do ...................................................... | Jackson Brooks Miles........... | SC | GS | 7 | .............. | |
| Do .................... | Special Assistant to the Executive Secretary ... | Ariana Michelle Woodson .... | SC | GS | 9 | .............. | |
| Do .................... | ........ do ...................................................... | Elizabeth Anne Navin........... | SC | GS | 7 | .............. | |
| Do .................... | ........ do ...................................................... | Katya Natalia Welch ............ | SC | GS | 7 | .............. | |
| Do .................... | Special Inspector General for Pandemic Recovery. | Brian D Miller ..................... | PAS | EX | | 5 Years | |
| | **GENERAL COUNSEL** | | | | | | |
| Do .................... | General Counsel.............................................. | Brian Callanan .................... | PAS | EX | IV | .............. | |
| Do .................... | Deputy General Counsel ................................. | Vacant ................................ | | ES | | .............. | |
| Do .................... | ...... do ........................................................ | Brian Paul Morrissey Jr....... | NA | ES | | .............. | |
| Do .................... | ...... do ........................................................ | James Yarbrough Stern ........ | NA | ES | | .............. | |
| Do .................... | Assistant General Counsel (General Law, Ethics and Regulations). | Career Incumbent ................ | CA | ES | | .............. | |
| Do .................... | Assistant General Counsel (International Affairs). | Vacant ................................ | | ES | | .............. | |
| Do .................... | Assistant General Counsel (Banking and Finance). | Career Incumbent ................ | CA | ES | | .............. | |
| Do .................... | Assistant General Counsel (Enforcement and Intelligence). | ......do ............................... | CA | ES | | .............. | |
| Do .................... | Deputy Assistant General Counsel (General Law and Regulation). | ......do ............................... | CA | ES | | .............. | |
| Do .................... | Deputy Assistant General Counsel (Ethics)........ | ......do ............................... | CA | ES | | .............. | |
| Do .................... | Deputy Assistant General Counsel (International Affairs). | ......do ............................... | CA | ES | | .............. | |
| Do .................... | Principal Dep Asst Gen Csl Banking and Finance. | ......do ............................... | CA | ES | | .............. | |
| Do .................... | Deputy Assistant General Counsel (Banking and Finance). | ......do ............................... | CA | ES | | .............. | |
| Do .................... | Deputy Assistant General Counsel (Enforcement and Intelligence). | Vacant ................................ | | ES | | .............. | |
| Do .................... | Deputy Assistant General Counsel for Oversight and Litigation. | Career Incumbent ................ | CA | ES | | .............. | |
| Do .................... | Tax Legislative Counsel ................................... | ......do ............................... | CA | ES | | .............. | |
| Do .................... | International Tax Counsel ................................. | ......do ............................... | CA | ES | | .............. | |
| Do .................... | Benefits Tax Counsel ....................................... | Vacant ................................ | | ES | | .............. | |
| Do .................... | Deputy International Tax Counsel ..................... | Career Incumbent ................ | CA | ES | | .............. | |
| Do .................... | Deputy Benefits Tax Counsel ........................... | ......do ............................... | CA | ES | | .............. | |
| Do .................... | Deputy Tax Legislative Counsel ....................... | ......do ............................... | CA | ES | | .............. | |
| Do .................... | Chief Counsel, Office of Foreign Assets Control. | Career Incumbent ................ | CA | ES | | .............. | |
| Do .................... | Chief Counsel, (Alcohol and Tobacco, Tax and Trade Bureau). | Career Incumbent ................ | CA | ES | | .............. | |
| Do .................... | Chief Counsel, United States Mint.................... | Vacant ................................ | | ES | | .............. | |
| Do .................... | Chief Counsel, Bureau of Engraving and Printing. | Vacant ................................ | | ES | | .............. | |
| Do .................... | Chief Counsel, Bureau of the Fiscal Service...... | ......do ............................... | | ES | | .............. | |
| Do .................... | Special Assistant to the General Counsel ......... | Arianne Claire Minks .......... | SC | GS | 9 | .............. | |
| | **UNDER SECRETARY FOR INTERNATIONAL AFFAIRS** | | | | | | |
| Do .................... | Under Secretary for International Affairs ......... | Brent J Mcintosh................. | PAS | EX | III | .............. | |
| Do .................... | Counselor to the Under Secretary for International Affairs. | Vacant ................................ | | ES | | .............. | |

# EXHIBIT 20

🇺🇸 *An official website of the United States Government*                                    Accessibility

## U.S. DEPARTMENT OF THE TREASURY

### ABOUT

# David Lebryk

**General Information**

Role of the Treasury

**Officials**

Janet Yellen

Jacob Leibenluft

Wally Adeyemo

Calvin Mitchell

Didem Nisanci

**David Lebryk**

Julie Brinn Siegel

Alfred I Johnson

Lily Adams

Bridget Cummings

Addar Levi

Ari Krupkin

Organizational Chart

Orders and Directives

Offices

Bureaus

Budget, Financial
Reporting, Planning
and Performance

History

Careers at Treasury



**Fiscal Assistant Secretary**
**U.S. Department of the Treasury**

David A. Lebryk was appointed the Fiscal Assistant Secretary on June 30, 2014. As the Fiscal Assistant Secretary, Mr. Lebryk is responsible for developing policy and overseeing the operations of the financial infrastructure of the federal government in the areas of payments, collections, debt financing, accounting, delinquent debt collection, and shared services.

Mr. Lebryk has had a distinguished career in Treasury. In 2012, Mr. Lebryk served as the first Commissioner of the Bureau of the Fiscal Service, which was established with the consolidation of the Bureau of the Public Debt (BPD) and the Financial Management Service (FMS). Prior to that, Mr. Lebryk was the FMS Commissioner, having served as Deputy Commissioner for one
and a half years. At the U.S. Mint, Mr. Lebryk served as the Deputy Director from October 2002 to December 2007, and Acting Director from August 2005 through September 2006. Prior to his service at the Mint, he held the position of Treasury's Deputy Assistant Secretary for Fiscal Operations and Policy. He also served as Acting Deputy Assistant Secretary for Human Resources for the Treasury Department and as an Advisor to the Deputy Secretary of the Treasury and to three Undersecretaries for Domestic Finance. Mr. Lebryk joined the Treasury Department in 1989 as a Presidential Management Intern in the Office of the Assistant Secretary for Policy Management and Counselor to the Secretary. He received Presidential Rank Awards in 2005, 2010, and 2019 for his sustained record of extraordinary leadership and achievement. He was recently awarded the 2020 Frank Greathouse Distinguished Leadership Award from the Association of Government Accountants (AGA).

Mr. Lebryk graduated with an A.B. in Economics from Harvard University and a Master of Public Administration from Harvard University's John F. Kennedy School of Government.

# EXHIBIT 21

 **IRS**

File    Pay    Refunds    Credits & Deductions    Forms & Instructions

# Commissioner Charles P. Rettig

Charles P. Rettig is the 49th Commissioner of the IRS. As Commissioner, Mr. Rettig presides over the nation's tax system, which collects more than $3.5 trillion in tax revenue each year representing about 96% of the total gross receipts of the United States. In this regard, the continued success of our country depends upon a successful IRS since this revenue funds most government operations and public services. Mr. Rettig manages an agency of about 80,000 employees and a budget of more than $11 billion.

In leading the IRS, Mr. Rettig has worked to focus attention on the important work of the agency's employees. "The IRS employees are the absolute strength of the agency," he notes. "We are proud to be reflective of the diverse communities we serve. Our employees are dedicated and they care a lot, for both taxpayers and the nation." Since joining the IRS, Mr. Rettig has also been heavily focused on improving service to the nation's taxpayers, balancing appropriate enforcement of the nation's tax laws while respecting taxpayer rights, with a particular focus on traditionally underserved communities. Subject to budgetary appropriations, the IRS maintains a strong, visible, robust tax enforcement presence in support of those who voluntarily comply with their filing and reporting requirements. Mr. Rettig has been leading efforts to enhance taxpayer experiences operating "thru the eyes of the taxpayer." These efforts include implementation of the multi-year IRS Integrated Modernization Plan and the Taxpayer First Act.

During the 2020 COVID-19 pandemic, the IRS significantly scaled back operations closing over 90% of its facilities to protect the health and safety of the IRS workforce and taxpayers before later shifting into a socially distanced, mostly virtual operating environment. In FY2020 the IRS processed more than 163 million individual tax returns, including more than 125 million individual refunds totaling more than $320 billion. At the same time, within two weeks following enactment of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, the IRS began processing 161 million Economic Impact Payments totaling approximately $271 billion. EIP outreach materials were translated and made available in an unprecedented 35 languages. At the end of 2020, within two days following the enactment of the Coronavirus Response and Relief Supplemental Appropriations Act of 2021, the IRS processed an additional 147 million Economic Impact Payments totaling more than $142 billion.

During 2020, as part of a larger effort to reach underserved communities, the IRS pursued a number of aggressive steps to expand information and assistance available to taxpayers in additional languages, including providing the 2020 Individual Income Tax Return, Form 1040, in Spanish for the first time. As part of this expansion, the 2020 Form 1040 will also give taxpayers the opportunity to indicate whether they wish to be contacted in a language other than English, many of the pages on the IRS.gov site are now available in multiple languages, and basic tax information is newly available in 20 languages on IRS.gov. Taxpayers who interact with the IRS now have access to over the phone interpreter services in more than 350 languages. The IRS has also recently begun inserting information about translation services and other multilingual options into the high-volume notices provided to taxpayers. The agency has also been increasing its multilingual outreach on Instagram, Twitter and other social media platforms and  plans to continue these efforts on other agency priorities.

Previously, Mr. Rettig was with the law firm of Hochman, Salkin, Rettig, Toscher & Perez, P.C., for more than 36 years. In his practice, Mr. Rettig represented thousands of individuals, businesses and corporate taxpayers before the IRS, the Department of Justice Tax Division, federal and state courts and state taxing authorities. These cases involved civil examinations and appeals, criminal investigations and tax collection matters.

Mr. Rettig has held leadership roles in a number of professional organizations, most recently serving as Vice Chair-Administration, for the American Bar Association's Section of Taxation, and President of the American College of Tax Counsel. He was a member of the IRS Advisory Council (IRSAC) for three years beginning in 2008, and served as IRSAC's chair from 2010 to 2011. He also served as Chair of the Taxation Section of the State Bar of California and has served on the advisory boards of both the Franchise Tax Board and the Board of Equalization in his home state of California.

Mr. Rettig has received numerous professional honors during his career from organizations across the country. He has been a featured speaker and panelist at hundreds of tax conferences throughout the U.S., Europe and Central America and has authored numerous tax-related articles.

He received a B.A. in Economics from the University of California at Los Angeles, as well as a J.D. with honors from Pepperdine University and an LL.M. in taxation from New York University.

Mr. Rettig, who is married to Tam Rettig, is also active in numerous civic and philanthropic activities. He's the founder of the UCLA Extension VETS COUNT Scholarship Fund designed to provide scholarships for active duty and retired military personnel who are working to realize their career goals in tax, accounting, wealth management, and other areas of the financial services industry as well as basic coursework for personal growth in budgeting, financial literacy, and investing. He also supports the Wounded Warrior Project, Advance Guard.

*Page Last Reviewed or Updated: 25-Jan-2021*

# EXHIBIT 22

# EXHIBIT 22

**Plaintiffs' Challenges to Defendant's Exemption 5 Withholdings[1]**

*American Broadcasting Companies, Inc., et al. v. U.S. Department of the Treasury, No. 20-cv-1568-CJN (D.D.C.)*

| Doc ID | Bates Range | Title | Date | Defendant's Description | Defendant's Claimed Exemption | Withheld in part/in full | Plaintiffs' Challenges to Defendant's Withholdings |
|---|---|---|---|---|---|---|---|
| 77, 79, 81, 82 | 471-474 | RE: EIP Payments–check memo line | 5-Apr-20 | Four-page email chain among Public Affairs staff at Treasury, the Bureau of the Fiscal Service, and the Internal Revenue Service containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks in response to a request from the Bureau of the Fiscal Service for guidance "as the checks could be going out" soon. | (b)(5) Deliberative Process Privilege | In part | • The withheld information is not deliberative. Memorandum of Law in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment (hereinafter, "Memo") at Section II.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 552 | 716-717 | RE: WAPO story | 14-Apr-20 | Two-page internal email chain among Treasury Public Affairs, Tax Policy, and Fiscal staff, containing deliberative and pre-decisional discussion and draft response to press inquiries concerning the content of the memo line of Economic Impact Payment checks and the signature on the checks. | (b)(5) Deliberative Process Privilege | In part | • No challenge |
| 117 | 793-794 | RE: EIP Payments–check memo line | 5-Apr-20 | Two-page email chain involving principal staff at Treasury and the Bureau of the Fiscal Service containing deliberative and pre-decisional discussion regarding | | In part | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B. |

[1] Plaintiffs do not concede that any withholdings not specifically challenged herein were lawfully withheld or redacted by Defendant.

| | | | | | |
|---|---|---|---|---|---|
| 118 | 795-796 | RE: EIP Payments-check memo line | 5-Apr-20 | Two-page email chain involving principal staff at Treasury and the Bureau of the Fiscal Service containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks, including a sample draft of the check, for decision to be made by the Secretary. | proposed content of the memo line of Economic Impact Payment checks, including the development of a mock up of the proposal. |
| 193 | 797-798 | RE: Follow UP - Sample Checks | 9-Apr-20 | Two-page email chain among staff at Treasury and the Bureau of the Fiscal Service containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks. In this email chain, the Assistant Commissioner for Payment Management in the Bureau of the Fiscal Service responds to a request from Fiscal Assistant Secretary David Lebryk for a mock up of a check and notes potential considerations. | (b)(5) Deliberative Process Privilege |
| 207 | 799-801 | RE: Follow UP - Sample Checks | 9-Apr-20 | Two-page email chain among staff at Treasury and the Bureau of the Fiscal Service containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks. In this email chain, the Assistant Commissioner for Payment Management in the Bureau of the Fiscal Service | |

Column for (b)(5) / In part / bullets:

| (b)(5) exemption | Status | Plaintiff's challenge |
|---|---|---|
| | In part | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| (b)(5) Deliberative Process Privilege | In part | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| (b)(5) Deliberative Process Privilege | | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will |

responds to a request from Fiscal Assistant Secretary David Lebryk for a mock up of a check and notes potential considerations; continued development of mock-up, noting that the "team is working on preparing a more realistic check."

foreseeably harm an exemption-protected interest. Memo at Section III.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 210 | 802-805 | FW: Sample EIP checks updated | 9-Apr-20 | Four-page internal email chain among staff at Treasury and the Bureau of the Fiscal Service, containing deliberative and pre-decisional analysis and draft material regarding proposal for the content of the memo line of Economic Impact Payment checks and the signature on the checks; ongoing discussion and exchange of check mock-ups prepared by Bureau of the Fiscal Service staff in response to a request from Fiscal Assistant Secretary David Lebryk. | (b)(5) Deliberative Process Privilege | In part | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 214 | 806 | RE: Sample EIP checks updated | 9-Apr-20 | One-page email chain among principal staff at the Bureau of the Fiscal Service containing deliberative and pre-decisional discussion regarding exchange of mock-ups showing proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | In part | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 215 | 807-810 | FW: Sample EIP checks updated | 9-Apr-20 | Four-page email chain among principal staff at Treasury and the Bureau of the Fiscal Service, containing deliberative and pre-decisional discussion regarding exchange of mock-ups showing proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | In part | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will |

| | | | | | | |
|---|---|---|---|---|---|---|
| 388 | 811 | RE: Check Images | 13-Apr-20 | One-page email chain among principal staff at Treasury and the Internal Revenue Service, including the Deputy Chief of Staff and the IRS Commissioner, containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | In part | • foreseeably harm an exemption-protected interest. Memo at Section III.<br>• The material withheld is neither predecisional nor deliberative. The emails convey and/or postdate the decision from Secretary Mnuchin regarding his decision as to the language to include on the memo line of the checks. Memo at Section II.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 420 | 812-814 | FW: Check Image | 14-Apr-20 | Three-page email chain among principal staff at Treasury, and the Bureau of the Fiscal Service, and the Internal Revenue Service containing deliberative and pre-decisional discussion and draft material regarding proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | In part | • The material withheld is neither predecisional nor deliberative. The emails convey and/or postdate the decision from Secretary Mnuchin regarding his decision as to the language to include on the memo line of the checks. Memo at Section II.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 440 | 815-817 | RE: Check Images | 14-Apr-20 | Three-page email chain among principal staff at Treasury, the Bureau of the Fiscal Service, and the Internal Revenue Service containing deliberative and pre-decisional discussion and draft material regarding proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | In part | • The material withheld is neither predecisional nor deliberative. The emails convey and/or postdate the decision from Secretary Mnuchin regarding his decision as to the language to include on the memo line of the checks. Memo at Section II.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 529 | 818-820 | FW EIP paper check information | 14-Apr-20 | Three-page email chain among principal staff at Treasury, the | | | • The material withheld is neither predecisional nor deliberative. The emails postdate the |

| No. | Bates | Subject | Date | Description | Privilege | Withheld | Justification |
|---|---|---|---|---|---|---|---|
| | | | | Bureau of the Fiscal Service, and the Internal Revenue Service containing deliberative and pre-decisional discussion regarding proposed plan for issuing Economic Impact Payment checks. | Process Privilege | | decision from Secretary Mnuchin regarding his decision as to the language to include on the memo line of the checks. Memo at Section II. <br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D. <br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 587 | 823-825 | RE: WaPo: Coming to your $1200 relief check: Donald J. Trump's Name | 14-Apr-20 | Three-page email chain among Treasury and White House staff containing deliberative and pre-decisional discussion regarding media strategy related to proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege * [*page 823 inadvertently indicated withholdings under (b)(6) and (b)(8) in the body of the emails; these markings have been corrected and rereleased with the correct (b)(5) markings] | In part | • The material withheld is neither predecisional nor deliberative. The email chain appears to be reacting to a news/media story. See also Memo at Section II.B, p.22. <br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D. <br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 589 | 826-828 | RE: WaPo: Coming to your $1200 relief check: Donald J. Trump's Name | 14-Apr-20 | Three-page email chain among Treasury and White House staff containing deliberative and pre-decisional discussion regarding media strategy related to proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | In part | • The material withheld is neither predecisional nor deliberative. The email chain appears to be reacting to a news/media story. See also Memo at Section II.B, p.22. <br>• Defendant has unlawfully redacted "Monica," from the 8:58PM email in this chain, which is neither predecisional nor deliberative, and which was not redacted in document UST_0000823. <br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt |

| No. | Bates | Subject | Date | Description | Privilege | Withheld | Challenge |
|---|---|---|---|---|---|---|---|
| | | | | | | | ...information that could be disclosed. Memo at Section I.D. • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 604 | 832-834 | Re: Flagging: The Washington Post Coming to your $1200 relief check: Donald J. Trump's name | 14-Apr-20 | Three-page email chain among Public Affairs, Tax Policy, and other Treasury staff containing deliberative and pre-decisional discussion regarding media strategy related to proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | | • No challenge |
| 865 | 842 | Treasury notice re Checks for Stimulus Payment | 16-Apr-20 | One-page email communication between staff at Treasury and the Bureau of the Fiscal Service containing deliberative and pre-decisional discussion regarding draft content of notice to be shared with the financial services industry regarding Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | In part | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B. • Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D. • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 903 | 844-845 | FW: Treasury notice on checks | 17-Apr-20 | Two-page email between staff at Treasury, the Bureau of the Fiscal Service, and the Federal Reserve Board containing deliberative and pre-decisional discussion regarding draft content of notice to be shared with the financial services industry regarding Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | In part | • The material withheld is neither predecisional nor deliberative. The unredacted text states that the attached notice is "good to go." Memo at Section II.B, p. 23. • Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D. • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| E2-4 | 852-853 | FW: Check Images | 11-Apr-20 | Two-page email chain among staff at Treasury, the Bureau of the Fiscal Service, and the Internal Revenue Service | | In part | • Defendant has not demonstrated that the communication satisfies Exemption 5's inter/intra-agency threshold requirement. Memo at Section I.A. • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | containing deliberative and pre-decisional draft material regarding proposed content of the memo line of Economic Impact Payment checks. | | | • The material withheld is neither predecisional nor deliberative. The emails convey and/or postdate the decision from Secretary Mnuchin regarding his decision as to the language to include on the memo line of the checks. Memo at Section II. • Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section II. • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 42 | 854-855 | RE: Changing a signature on the Treasury Check | 2-Apr-20 | Two-page internal email chain among the Fiscal Assistant Secretary, the Commissioner of the Bureau of the Fiscal Service, and other staff at Treasury and the Bureau of the Fiscal Service, containing deliberative and pre-decisional analysis regarding proposal for the content of the memo line of Economic Impact Payment checks and the signature on the checks. | (b)(5) Deliberative Process Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B. • Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D. • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 71 | 856-859 | RE: URGENT FW: Media question about stimulus payments Memo Line Check | 2-Apr-20 - 5-Apr-20 | Four-page internal email chain among staff at Treasury and the Bureau of the Fiscal Service, containing deliberative and pre-decisional analysis regarding proposal for the content of the memo line of Economic Impact Payment checks, the signature on the checks, and related media strategy. | (b)(5) Deliberative Process Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B. • Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D. • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 83 | 860-863 | RE: URGENT FW: Media question about stimulus payments Memo Line Check | 2-Apr-20 | Four-page internal email chain among staff at Treasury and the Bureau of the Fiscal Service, containing deliberative and pre-decisional analysis regarding proposal for the content of the memo line of Economic Impact Payment checks, the signature on | (b)(5) Deliberative Process Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B. • Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D. • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | the checks, and related media strategy. | | | • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III.<br>• N/A – Defendant released document in full |
| 84 | 864 | Sample - John Doe Check memo line addedwithexplanations.pdf | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 194 | 865 | Sample - John Doe Check - Names Added to Memo Line.pdf | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | | Released in full | • N/A – Defendant released document in full |
| 195 | 866 | Sample - John Doe Check Memo line with IRS Info.pdf | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | | Released in full | • N/A – Defendant released document in full |
| 211 | 867 | EIP Check - Option 2.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 212 | 868 | EIP Check - Option 3.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 213 | 869 | EIP Check - Option 1.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 216 | 870 | EIP Check - Option 2.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 217 | 871 | EIP Check - Option 3.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 218 | 872 | EIP Check - Option 1.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 256 | 873-874 | Time Sensitive: Treasury Check Legend - Economic Impact Payments | 11-Apr-20 | Two page internal email chain among senior attorneys at Treasury and the Bureau of the Fiscal Service, containing deliberative and pre-decisional analysis of legal questions | (b)(5) Deliberative Process Privilege; Attorney- | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B. |

| No. | Bates | Title | Date | Description | Privilege Claimed | Disposition | Plaintiff's Challenge |
|---|---|---|---|---|---|---|---|
| | | | | regarding proposal for the content of the memo line of Economic Impact Payment checks. | Client Privilege | | • Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C. <br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.C. <br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D. <br>• Defendant has not demonstrated how disclosure of the information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 257 | 875 | EIP Check - Option 3.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 266 | 876-877 | RE: Time Sensitive: Treasury Check Legend - Economic Impact Payments | 11-Apr-20 | Two page internal email chain among senior attorneys at Treasury and the Bureau of the Fiscal Service, containing deliberative and pre-decisional analysis of legal questions regarding the content of the memo line of Economic Impact Payment checks, the signature on the checks, and related media strategy. | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B. <br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C. <br>• Defendant has failed to identify which portions of the communication, if any, concern matters within the attorneys' legal capacity, and which involve non-legal matters, such as "related media strategy.'" Memo at Section I.C. <br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.C. <br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D. <br>• Defendant has not demonstrated how disclosure of the withheld information will |

| No. | Bates | Subject | Date | Description | Exemption | Withheld | Plaintiff's Challenges |
|---|---|---|---|---|---|---|---|
| 302 | 878-879 | RE: Sample EIP checks updated | 11-Apr-20 | Two-page internal email chain involving the Fiscal Assistant Secretary, Deputy General Counsel, and other senior attorneys at Treasury and the IRS, containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C.<br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 305 | 880-881 | RE: Time Sensitive: Treasury Check Legend - Economic Impact Payments | 11-Apr-20 - 12-Apr-20 | Two-page internal email chain among senior attorneys at Treasury and the Bureau of the Fiscal Service, containing deliberative and pre-decisional analysis of legal questions re: a proposal for the content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.C.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 311 | 882-883 | RE: Sample EIP checks updated | 11-Apr-20 - 12-Apr-20 | Two-page internal email chain involving the Fiscal Assistant Secretary, Deputy General Counsel, and other senior | | | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.C.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III.<br>• Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B. |

| # | Bates | Title | Date | Description | Exemption | Disclosure | Plaintiff's Arguments |
|---|---|---|---|---|---|---|---|
| | | | | attorneys at Treasury and the IRS, containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks and potential legal questions. | Attorney-Client Privilege | | • Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C.<br>• Defendant has not provided a complete list of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.C.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 315 | 884-885 | RE: Sample EIP checks updated | 11-Apr-20 12-Apr-20 | Two-page email chain involving the Fiscal Assistant Secretary, Deputy General Counsel, and other senior attorneys at Treasury and the IRS, containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks and potential legal questions. | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C.<br>• Defendant has not provided a complete list of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.C.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 320 | 886-887 | RE: Sample EIP checks updated | 11-Apr-20 - 12-Apr-20 | Two-page email chain involving the Fiscal Assistant Secretary, Deputy General Counsel, and other senior attorneys at Treasury and the IRS, containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C.<br>• Defendant has not provided a complete list of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.C.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III.<br>• Defendant has not provided a complete list of the emails for purposes of evaluating whether the attorney- |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | checks and potential legal questions. | | | • Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 372 | 888-889 | Appropriations Issues | 13-Apr-20 | Email from IRS attorney to senior attorneys at Treasury and containing a legal analysis of the memo line of Economic Impact Payment checks and related proposed documentation. | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies.  Memo at Section I.C.<br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived.  Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 373 | 890-891 | Fwd: Appropriations Issues | 13-Apr-20 | Two-page email chain involving IRS attorneys and senior attorneys at Treasury containing a pre-decisional and deliberative legal analysis of the memo line of Economic Impact Payment checks and related proposed documentation. | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies.  Memo at Section I.B.<br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies.  Memo at Section I.C.<br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived.  Memo at Section I.D.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed.  Memo at Section I.D. |

| ID | Bates | Subject | Date | Description | Exemption/Privilege | Disposition | Justification |
|---|---|---|---|---|---|---|---|
| 387 | 892-893 | RE: Appropriations Issues | 12-Apr-20 13-Apr-20 | Two-page email chain involving IRS attorneys and senior attorneys at Treasury containing a pre-decisional and deliberative legal analysis of the memo line of Economic Impact Payment checks and related proposed documentation. | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C.<br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| 421 | 894 | EIP Check - Option 3.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 281 | 895-896 | FW: Sample EIP checks updated | 11-Apr-20 | Two-page internal email chain involving the Fiscal Assistant Secretary, Deputy General Counsel, and other senior attorneys at Treasury and the IRS, containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks and potential legal questions. | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies. Memo at Section I.C.<br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived. Memo at Section I.C.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will |

(continued from previous page) foreseeably harm an exemption-protected interest. Memo at Section III.

| No. | Bates | Document | Date | Description | Exemption | Disposition | Plaintiff's Comments |
|---|---|---|---|---|---|---|---|
| 282 | 897 | Stimulus Check - Option 4.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 352 | 898-899 | RE: Sample EIP checks updated | 11-Apr-20 - 13-Apr-20 | Two-page internal email chain involving the Fiscal Assistant Secretary, Deputy General Counsel, and other senior attorneys at Treasury and the IRS, containing deliberative and pre-decisional discussion regarding proposed content of the memo line of Economic Impact Payment checks and potential legal questions. | (b)(5) Deliberative Process Privilege; Attorney-Client Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the attorney-client privilege applies.  Memo at Section I.C.<br>• Defendant has not provided a complete list of the sender(s) and recipient(s) of the emails for purposes of evaluating whether the attorney-client privilege has been waived.  Memo at Section I.C.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest.  Memo at Section III. |
| 441 | 900 | Stimulus Check - Option 5.jpg | None | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |
| 866 | 901-903 | Treasury Notice re Checks for Economic Impact Payments DRAFT 04162020 CLEAN.docx | 16-Apr-20 | Deliberative and pre-decisional draft of letter notice regarding details and timing of Economic Impact Payments. | (b)(5) Deliberative Process Privilege | Pages 901–902 withheld in full / Page 903 remarked with Bates No. 923 and released in full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies.  Memo at Section I.B.<br>• Defendant has not identified whether the draft was subsequently adopted.  Memo at Section I.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed.  Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest, especially given that the draft check at |

Additional comments for No. 352:
• Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies.  Memo at Section I.B.
• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed.  Memo at Section I.D.

| | Bates | Title | Date | | Description | Privilege | Disposition | Memo Notes |
|---|---|---|---|---|---|---|---|---|
| 881 | 904-906 | Treasury Notice re Checks for Economic Impact Payments DRAFT 04172020.docx | 17-Apr-20 | | Deliberative and pre-decisional draft of letter notice regarding details and timing of Economic Impact Payments. | (b)(5) Deliberative Process Privilege | Pages 904-905 withheld in full<br><br>Page 906 remarked with Bates No. 924 and released in full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Defendant has not identified whether the draft was subsequently adopted. Memo at Section I.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest, especially given that the draft check at Bates No. 906 was later disclosed to Plaintiffs in full. Memo at Section III.<br>• Bates No. 903 was later disclosed to Plaintiffs in full. Memo at Section III. |
| E2-1 | 907 - 908 | RE: Check signature issue | 5-Apr-20 | | Two-page email chain among staff at Treasury and the Bureau of the Fiscal Service regarding proposed content of the memo line of Economic Impact Payment checks. | (b)(5) Deliberative Process Privilege | In full | • Defendant has not provided sufficient information to evaluate whether the deliberative process privilege applies. Memo at Section I.B.<br>• Treasury's *Vaughn* index states that this record concerns the "memo line" of the EIP Checks, but the subject of the email chain says "Check signature issue" (emphasis added). Treasury has not explained that discrepancy. Memo at Section I.B.<br>• Defendant has not met its burden to show that there is no reasonably segregable non-exempt information that could be disclosed. Memo at Section I.D.<br>• Defendant has not demonstrated how disclosure of the withheld information will foreseeably harm an exemption-protected interest. Memo at Section III. |
| E2-5 | 909 | EIP Check - Option 3.jpg | None | | Deliberative and pre-decisional draft of check considered for issuance under the Economic Impact Payment program. | (b)(5) Deliberative Process Privilege | Released in full | • N/A – Defendant released document in full |